**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

UNITED STATES OF AMERICA

v.  Case No. 6:13-cr-187-Orl-37GJK

MARCO ANTONIO MEDINA

_____

**ORDER**

This cause is before the Court on Defendant's Motion to Seal Certain Documents Within Case File (Doc. 69), filed April 8, 2014. Defendant, who pled guilty to one count of conspiracy to possess with intent to distribute a controlled substance in violation of 21 U.S.C. § 846 and is awaiting sentencing, moves to seal several documents that have been filed on the public docket (Docs. 16, 27, 45, 60, 68, and 69). (*See* Doc. 69, p. 1.) The documents, Defendant argues, contain information that would endanger his family if they remain open to the general public. (*Id.*) The Government opposes. (Doc. 71.)

"The press and public enjoy a qualified First Amendment right of access to criminal trial proceedings." *United States v. Ochoa-Vasquez*, 428 F.3d 1015, 1028 (11th Cir. 2005). This right of access extends to documents filed on the public docket, which may not be sealed unless a party can demonstrate "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enter. Co. v. Superior Court*, 646 U.S. 501, 510 (1995). Under certain circumstances, the safety of a defendant and his family may justify sealing publicly docketed files. *See Wash. Post v. Robinson*, 935 F.2d 282, 291 (11th Cir. 1991).

Here, however, Defendant's request is overbroad. The documents that Defendant requests the Court to seal contain large amounts of innocuous information to which the

public has a right of access. Moreover, Defendant's counsel's representations as to the dangers posed by those documents are not particularized enough for the Court to make "findings specific enough that a reviewing court can determine whether [a] closure order was properly entered." *Ochoa-Vasquez*, 428 F.3d at 1030.

Defendant's motion, therefore, is due to be denied without prejudice. The Court will grant Defendant leave to refile his motion with a more narrowly tailored request for relief—particularly, redaction of those specific portions of the documents in this case that Defendant believes endanger his family—and with more substantial evidence of an "overriding interest" justifying a seal. *See Press-Enter Co.*, 646 U.S. at 510. Defendant additionally will be granted leave to file the renewed motion, along with any attachments, under seal in order to avoid exacerbating the dangers alleged to exist in this case.

Accordingly, it is hereby **ORDERED AND ADJUDGED** that:

1. Defendant's Motion to Seal Certain Documents Within Case File (Doc. 69) is **DENIED WITHOUT PREJUDICE**.

2. On or before Friday, May 9, 2014, Defendant may refile a motion to seal in which Defendant: (1) identifies the portions of any document filed on the public docket in this case that require redaction; and (2) provides evidence of an "overriding interest" justifying any requested redactions. Defendant is **GRANTED** leave to refile its motion to seal, along with any attachments thereto, under seal.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on May 1, 2014.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record